**Thomas D. McGILL et ux., Norene McGill, Appellants,**

v.

**Charles C. McGILL, A. B. McGill and Dave McGill, Appellees.**

**Nos. 11560, 11561.**

Court of Civil Appeals of Texas.

Austin.

Jan. 17, 1968.

Clyde Vinson, Justin A. Kever, San Angelo, for appellants.

Wilson, Logan, Lear & Massey, Tom Lear, San Angelo, for appellees.

PHILLIPS, Chief Justice.

This lawsuit [1] involves a dispute between brothers over the division of the family ranch. Tom McGill and wife Norene McGill are the appellants here and the appellees, Charles, A. B. and Dave are the brothers of Tom McGill.

The lands involved are known as the McGill Ranch located in Sterling, Tom Green and Irion Counties, Texas. The parents of the parties hereto acquired eight sections of land many years ago and resided thereon. Since the sections were not contiguous, the use of the sections in Irion County were exchanged with Ela Sugg for the use of similar size sections which were contiguous in Tom Green and Sterling Counties. This resulted in an 8-section ranch in Sterling and Tom Green Counties which has been operated as a unit for many years.

On April 1, 1952, after the death of their father, all of the brothers and sisters of the family, together with their mother, agreed to lease the family ranch to Tom and a partner as Tom was planning to retire from an oil company and desired to go into the ranching business. By virtue of various arrangements, Tom McGill, stayed in possession of the McGill Ranch until April, 1960, at which time he, as lessor, and as lessee, entered into a written lease for a consideration of twenty-five thousand six hundred dollars for a period of five years, with the understanding that he would construct a residence, and all costs up to a sum of five thousand dollars would be deducted from the annual payments to the lessors in the lease. This was to be done at the rate of twenty cents per acre per year. In addition, he was to withhold the sum of five cents per acre for removing pear from the land to be applied to use in connection with the Government program for removing pear.

Appellee A. B. (Bruce) McGill acquired all of the interest of his brothers and sisters after the death of the surviving mother, except the interest of Dave, Charles and Tom McGill, which was $11/84$ each. Bruce McGill owns $51/84$.

At the expiration of the 1960 lease, the appellees requested Tom McGill to join with them in a sale or to vacate all the land except one section. Tom refused to do this and stayed in possession of the entire ranch without a lease during the year ending June 1, 1966. As early as February, 1966, the appellees advised the defendant that he must vacate the property or pay at the rate of two dollars per year per acre. They further advised him that he could segregate all of his livestock on Section 22.

In all of these matters the appellant failed to do anything and continued to use the property.

In November, 1966, Tom moved his stock on to six hundred ninety acres, being a part of Section No. 38 where the principal improvements are located, and the adjoining section belonging to Ela C. Sugg. On November 1, 1966, Tom McGill advised appellees that he was turning the property back to them except that he was keeping the six hundred ninety acres. Parts of his stock continued to run on the remainder of the ranch.

The trial court in its preliminary decree found that the contribution of the parties, whether in moneys or service or both, to any and all improvements on said land have been substantially in proportion to their respective interest and that no party is legally entitled to any preference of location with respect to improvements.

The trial court entered a judgment on June 1, 1967, appointing three commissioners to partition the lands into two parcels,

[1]. There are two records before us inasmuch as there were appeals from the order of partition and the final judgment approving the Commissioner's report.

The questions presented in each record are the same and are disposed of in one opinion.

73⁄84 in one parcel to appellees, and 11⁄84 in one parcel to appellant, Thomas D. McGill, adjudging "that the contributions of parties (whether in money or services or both) to any and all improvements on said lands have been substantially in proportion to their respective interests, and no party is legally entitled to any preference of location with respect to improvements," and that "any improvements," are to be considered in fixing the value of each tract of land; appointed commissioners to make partition, partitioning the land so as to give appellees 73⁄84 of the entire value in one parcel, and appellants 11⁄84 of the entire value in one parcel, insofar as the surface of the lands was concerned, and appellant 11⁄84 of the actual oil, gas and mineral acres owned by all parties in the lands, and appellees 73⁄84 of the actual oil, gas and mineral acres owned in all said lands.

The Commissioners, appointed in this judgment of June 1, 1967, filed their Report July 5, 1967, which divided the surface of the lands into two parcels. Part No. 1 of the surface estate to be all of Survey No. 38, and parcel No. 2 comprising the surface of all the rest of the lands, and mineral parcel No. 1 composed of all the minerals in the south 506 acres of Section 38 and the mineral parcel No. 2 composed of all the minerals in the remainder of the lands; the value of the surface of Parcel No. 2 to be $38,494.-80, the value of the mineral Parcel No. 1 to be $5,060, and the mineral value of Parcel No. 2 to be $33,563.80; and allotted surface Parcel No. 1 and mineral Parcel No. 1 to appellants, and surface Parcel No. 2 and mineral Parcel No. 2 to appellees, with the provision that appellants "pay to plaintiffs the sum of $7,609.15—because $7,-609.15 worth of land segregated from Survey 38 would be practically valueless to plaintiffs, and it would unduly reduce the usability of the other part of said Survey 38 to take $7,609.15 worth of land away from it."

The trial court entered a final decree of partition putting into effect the partition so made by the Commissioners on June 1, 1967.

It is from this final decree of partition that appellants have perfected their appeal to this Court.

We affirm.

■ Appellants are before this Court on two points of error, the first being that of the trial court in not specifically directing the Commissioners to allot appellants' share of the entire acreage to Section 38, upon which appellants had their homestead.

We overrule this point. As we read the ultimate report of the Commissioners appointed by the court, which report was approved by the court in its final decree, appellants received the major portion of Section 38 where all the improvements that they desire are situated except for a portion of land that had been cleared of pear.

There is, apparently, no dispute as to the fractional interests allotted the parties by the court.

■ Appellants' second point of error is that of the court in not determining the improvements made on Sections 38 and 22 by appellants and the enhancement of value thereof and in failing to instruct the Commissioners to give credit to appellants for such improvements so made by them with their labor and expenditures.

We overrule this point.

In their lease contract with appellants, appellees gave appellant Tom McGill five thousand dollars worth of credit with respect to the house which he received in the partition and also an acreage credit for pear cleared.

The portion allotted appellants is apparently the heart of the ranch which includes the house, outbuildings and a major portion of the cleared or improved land.

The testimony indicates that the outlying sections are not as productive for pasture nor have they been cleared for crops.

The only evidence of major improvements upon the property (with the exception of testimony from the County agent as to land cleared of pear) came from appellant Tom McGill himself and these alleged expenditures, wholly unsupported by proof such as cancelled checks or the equivalent, were sharply contested by appellees. Likewise, the value of the improvements made by appellants' own labor such as shallow water tanks and terracing, was vigorously disputed.

Appellants did not request any findings of fact or conclusions of law. Consequently all valid presumptions will be indulged in favor of the judgment.

We are unable to find any reason to set aside the partition made by the Commissioners or to reverse the judgment of the trial court based thereon.

The judgment of the trial court is affirmed.

Affirmed.